EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS VÉLEZ GUZMÁN, acusado y apelante.

Núm. 12528.—*Sometido:* Noviembre 14, 1947. *Resuelto:* Enero 28, 1948.

*Wilfrido Roberts*, abogado del apelante; *Hon. Procurador General Luis Negrón Fernández, y J. Rivera Barreras y Alberto Picó Santiago, Fiscal y Fiscal Auxiliar*, respectivamente, del Tribunal Supremo, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El apelante fué sentenciado por la corte inferior a cumplir tres meses de cárcel por un delito de acometimiento y agesión grave. No conforme con la sentencia, apeló, y en este recurso imputa a la corte sentenciadora la comisión de siete errores.

■ El primero, quinto y sexto señalamientos se refieren, en distinta forma, a la apreciación que de la prueba hizo la corte. En síntesis, la de cargo tendió a demostrar que en la noche del 22 de febrero de 1945, y en la carretera del Yunque, estando el acusado jugando dados con otras personas, llegó a dicho sitio el Dr. Francisco Franceschi Caballero y después de haber sido agredido por uno de ellos y haber caído al suelo inconsciente, fué agredido con los pies por el acusado; que al día siguiente el Dr. Franceschi fué examinado por el Dr. Luis F. González habiendo declarado éste que las heridas que presentaba el Dr. Franceschi "en la región superior y otra en la del maxilar inferior causaron al Dr. Franceschi un estado de semi-inconsciencia y debe — catalogarse como grave."

La prueba del acusado tendió a demostrar que estando él jugando dados con otras personas en el sitio indicado, llegó el Dr. Franceschi en estado de embriaguez e hizo dos disparos de révolver hacia el juego, que entonces Eugenio Vélez le dió por la espalda al Dr. Franceschi con un pote de leche condensada cayendo el Doctor boca abajo al suelo; que nadie más le dió al Doctor después de haber caído.

Como puede verse, la prueba fué contradictoria y la de cargo, creída por la corte inferior, es suficiente para sostener la conclusión de que el acusado acometió y agredió al Dr. Franceschi. Empero, ¿es suficiente para que dicha actuación pueda calificarse de grave?

■ La contestación a esta pregunta envuelve la consideración del tercer error señalado. Antes de resolverlo, conviene hacer constar que la denuncia en este caso incluía, no sólo al aquí apelante, si que también a Eugenio Vélez, y en ella se alegó que ambos acometieron y agredieron al Dr. Franceschi, "dándole el primero con un pote lleno de leche condensada por el cerebro, produciéndole una contusión fuerte que lo derribó y cayó inconsciente al suelo, y el otro acusado, (Luis Vélez Guzmán)"—el aquí apelante—"le agredió con los puños y los pies causándole contusiones en diferentes

partes del cuerpo''. Se alegó, además en la denuncia, que ''El agravante en este caso consiste que las heridas son graves, y porque fueron dadas con arma contundente y con el fin calculado de causar grave daño corporal.''

Citando más ampliamente del testimonio del Dr. González, éste describió las heridas que tenía el Dr. Franceschi en esta forma:

''Tenía una edema en el labio superior, una herida y hematoma en el maxilar inferior izquierdo con posible fractura, una erosión aguda del cartílago nasal; edema en ambos ojos con equimosis, erosiones en los brazos, en la frente y en la superficie anterior de ambas piernas y una contusión violenta en la región superior.''

Y fué en relación con dos de estas heridas—la de la región superior y la del maxilar inferior—que el doctor declaró que habían causado el estado de semi-inconsciencia del Dr. Franceschi, el cual debía considerarse como grave. Declaró, además, el perito, que una persona al caerse podía romperse la quijada.

El perito no calificó las heridas, en sí, como graves, sino que calificó el estado de semi-inconsciencia, consecuencia de las heridas, como grave. En la denuncia se incluyó la modalidad especificada en el inciso 9 de la sección 6 de la ley de marzo 10 de 1904 que dispone que todo acometimiento y agresión será considerado con circunstancias agravantes ''cuando se cometiere con intención premeditada para el fin calculado de inferir graves heridas corporales.''

De la prueba en este caso aparece que el coacusado, Eugenio Vélez, fué absuelto en la Corte Municipal. Posiblemente esto se debió a que dicha corte creyó que el coacusado actuó en defensa propia o a que no se probó que fuera él quien agrediera al Dr. Franceschi con el pote de leche. Independientemente de este hecho, está el imputado al aquí apelante de agredir al Dr. Franceschi con los pies, causándole contusiones en diferentes partes del cuerpo, tendiendo la prueba

de cargo a demostrar que esa agresión se realizó cuando estaba el Dr. Franceschi inconsciente en el suelo, hecho que negó la de descargo.

No estamos convencidos de que la prueba en este caso sea suficiente para sostener que el acometimiento y agresión realizado por el apelante con los pies, bajo las circunstancias concurrentes, fuera de carácter grave. Ninguna de las heridas recibidas por el doctor era de carácter grave sino que dos de ellas, produjeron el estado de semi-inconsciencia del doctor. Empero, el perito declaró que el Dr. Franceschi pudo fracturarse la quijada al caer de bruces y es obvio que también pudo producirse algunas de las demás heridas que presentaba. Aceptando que se probó que el apelante acometió y agredió con los pies al Dr. Franceschi, somos de opinión que los hechos probados no justifican la inferencia de que el apelante actuó con la intención premeditada de inferir las graves heridas corporales que requiere la ley y, en su consecuencia, que se cometió el tercer error señalado.

■ Por el segundo señalamiento, se queja el apelante del hecho de haber permitido la corte que el Dr. Franceschi volviera a declarar después que ambas partes cerraron sus casos.

Es cierto que el fiscal, después de terminada la prueba del acusado, volvió a llamar a declarar al Dr. Franceschi y dijo que era para aclarar algunos extremos de su declaración, manifestando el abogado del acusado "si es para refutar algo no hay objeción". Esto no obstante, lo cierto es que el Dr. Franceschi declaró, sin oposición de la defensa, sobre hechos nuevos sobre los cuales no declaró originalmente, pero la corte inferior, dándose cuenta de ello, hizo constar que el acusado podía presentar prueba sobre esos hechos. Y así lo hizo el acusado y no puede ahora, en apelación, quejarse por primera vez de la actuación de la corte inferior.

Los demás errores carecen de mérito y *por lo expuesto procede modificar la sentencia apelada, debiendo rebajarse la calificación del delito a acometimiento y agresión simple, imponiéndose al apelante una multa de $50 o un día de cárcel por cada dólar que deje de satisfacer, y así modificada se confirma.*